# CHARLESTON.

## STATE v. COTTRELL.

### Submitted February 4, 1899—Decided Feb. 8, 1899.

1. BURGLARY—*Indictment.*

   In an indictment, a count evidently intended for burglary, which fails to charge the offense as burglariously committed, is bad, and should be quashed. *State* v. *Meadows*, 22 W. Va. 766. (p. 839).

2. BURGLARY—*Indictment—Housebreaking—Sentence.*

   A person found guilty by the verdict of a jury, under a bad count for burglary, cannot be sentenced for housebreaking, although the indictment contain a good count charging the latter offense. (p. 837).

3. DISQUALIFICATION OF JUDGE.

   It is improper for a judge to try indictment signed by him as prosecuting attorney. p. 839).

Error to Circuit Court, Ritchie County.

Richard Cottrell was convicted of burglary, and brings error.

*Reversed.*

P. LIPSCOMB, for plaintiff in error.

DENT, JUDGE:

Richard Cottrell was tried for a felony in the circuit court of Ritchie county, found guilty, and sentenced to two years in the penitentiary. On a writ of error to this Court he relies on the following assignments: (1) That the county in the indictment on which he was found guilty should be quashed, because it fails to use the word "burglariously";

(2) that the judge who tried the case was also the prosecuting attorney who signed the indictment.

The indictment is as follows: "The State of West Virginia, Ritchie County, to wit: In the Circuit Court of said County. The grand jurors of the State of West Virginia, in and for the body of the county of Ritchie, and now attending the said court, upon their oaths present that Richard Cottrell, on the —— day of July, 1896, in said county of Ritchie, the dwelling house of one H. J. Amos there situate, in the nighttime of that day, feloniously did enter, without breaking the same, with intent the goods and chattels of the said H. J. Amos, in the said dwelling house, then and there being, feloniously did steal, take and carry away, and three pillows of the value of one dollar each, and three pillow slips of the value of twenty-five cents each, one bucket of the value of twenty-five cents, and one lamp of the value of one dollar, three table forks of the value of fifty cents each, and two chairs of the value of one dollar each, and one pepper box of the value of twenty-five cents, and one coffee mill of the value of one dollar, and three bed quilts of the value of two dollars each, of the goods and chattels of the said H. J. Amos, in the said dwelling house then and there being found, feloniously did steal, take and carry away, against the peace and dignity of the State. And the jurors aforesaid, on their oaths aforesaid, do further present that the said Richard Cottrell on the —— day of July, 1896, in the said county of Ritchie, a certain other dwelling house of H. J. Amos there situate, in the daytime of that day, did feloniously break and enter, with intent the goods and chattels of the said H. J. Amos, in the said dwelling house then and there being, feloniously to steal, take, and carry away, and three pillows of the value of one dollar each, and three pillow slips of the value of twenty-five cents each, and one bucket of the value of twenty-five cents, and one lamp of the value of one dollar, and three table forks of the value of fifty cents each, and two chairs of the value of one dollar each, and one pepper box of the value of twenty-five cents, and one coffee mill of the value of one dollar, and three bed quilts of the value of two dollars each, of the goods and chattels of the said H. J. Amos in the said dwelling house then and there being found, feloniously did steal, take, and carry away, against the peace

and dignity of the state. R. H. Freer, Prosecuting Attorney." The prisoner moved to quash it, which motion was never acted upon. The jury brought in a verdict of guilty under the first count of the indictment. The prisoner moved to set it aside and in arrest of judgment. The court overruled his motion, and sentenced him to two years' confinement in the penitentiary.

The first count evidently attempts to charge burglary, but fails for want of the word "burglariously," and it therefore should have been quashed, and, the jury having found their verdict on such bad count, the judgment should have been arrested and the count quashed, for the reason that there is no punishment prescribed by the statute for the offense charged. *State* v. *Meadows*, 22 W. Va. 766. The court, however, presumably not desiring to quash papers prepared when holding the office of prosecuting attorney, proceeded to sentence the prisoner under the second count. For burglary the punishment is not less than five nor more than fifteen years in the penitentiary; for housebreaking, it is not less than one nor more than ten years; and for petit larceny, it is not exceeding one year in jail. The time fixed was evidently under the second count, as it could not have been under the first, nor could it have been for petit larceny. The things charged as taken were less than twenty dollars in value.

Nor is it proper for a judge to try indictments signed by him as prosecuting attorney. No prosecutor likes to quash his own papers, and his knowledge of the facts obtained while prosecutor may tend to prejudice the prisoner's right to a fair and impartial trial. Evil appearances should be avoided, that the fountain of justice may be kept pure. The judgment is reversed, the verdict set aside, the first count in the indictment is quashed, and the case remanded to be proceeded in according to law.

*Reversed.*