BROWN & HACKNEY, INC., v. STEPHENSON.

Opinion delivered March 12, 1923.

1.  CERTIORARI—REMEDY BY APPEAL—WANT OF JURISDICTION.— Certiorari .cannot be used in any case where there has been a right of appeal unless the opportunity of appealing has been lost without fault of the petitioner, or unless the court in the proceedings sought to be reviewed acted without, or in excess of, jurisdiction.

2.  CERTIORARI—SPECIAL APPEARANCE—REMEDY BY APPEAL.—Where defendant entered a special appearance and moved to quash the service of summons on it, the trial court had jurisdiction to determine that issue, and appeal afforded a complete remedy if the court erred.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; affirmed.

*Hughes & Hughes,* for appellant.

1.  Certiorari was the proper remedy in this case. The rule that where an appeal is or has been available to an aggrieved party, the right thereto not having been unavoidably lost without fault on his part, he cannot have the proceeding reviewed on certiorari, does not apply to instances where the trial court has acted without, or in excess of, its jurisdiction. 68 Ark. 205; 103 Ark. 571; 116 Ark. 310; 139 Ark. 400; 114 Ark. 304; 94 Ark. 54.

2.  The trial court was without jurisdiction. The cause of action, if any, grew out of a contract which was both made and performed in the State of Louisiana. A foreign corporation doing business in this State, after compliance with the statutes prescribing the terms of its admission, is subject to be sued in the courts of the State only upon causes of action arising within this State. Acts of 1917, p. 744; 56 Ark. 539; 84 Tenn. (16 Lea) 275; 46 Vt. 697, 706; 76 Ala. 388; 83 Ala. 498; 122 Ala. 149; 145 Ala. 317; 204 U. S. 8; 236 U. S. 115; 226 Fed. 893; 42 Sup. Ct. Rep. 84; *Id.* 210.

*Streett, Burnside & Streett,* for appellee.

For the constitutional provisions and the statutes applicable to the issues involved, see art. 12, § 11, Const.;

Crawford & Moses' Digest, §§ 1826, 1827, 1829. It affirmatively appears that appellant has qualified itself, under our statutes, to do business in this State. It thereby voluntarily submitted itself to the jurisdiction of the State courts. 222 Fed. 148; 18 How. 404; 70 L. R. A. 513, note 1; 106 U. S. 350 (Law ed.); 147 U. S. 591; 37 L. ed. 292; L. R. A. 1916-F., 407; 243 U. S. 93; 61 L. ed. 610; 163 Ill. App. 621; 132 Mass. 432; 143 S. W. 483; 31 So. 172.

WOOD, J. The petitioner, Brown & Hackney, Inc., was sued by the respondent, John C. Stephenson, in the circuit court of Chicot County, upon the following complaint:

"Comes the plaintiff, John C. Stephenson, and for cause of action against the defendant, Brown & Hackney, Incorporated, states: "That the defendant, Brown & Hackney, Incorporated, is and was on the 7th day of March, 1921, a foreign corporation and incorporated under the laws of the State of Tennessee and authorized to do business in the State of Arkansas, and is and was on said date engaged in the business of buying logs and manufacturing same into lumber, and has a designated agent in said State upon whom service of process may be had. That on said 7th day of March, 1921, at Kilbourne Louisiana, the defendant purchased of and from the plaintiff two hundred and sixty-six logs, amounting to 61,525 feet, at an agreed price of $1,540.62; that said logs were bought by defendant f. o. b. cars Kilbourne, in said State, and, pursuant to said contract, the plaintiff immediately delivered said logs to the defendant at said place; that said logs were accepted by said defendant; that same were loaded on cars and consigned to defendant at Little Rock, Arkansas, where they were refused. That defendant refused and still refuses to pay plaintiff therefor. Wherefore, plaintiff prays judgment against the defendant, Brown & Hackney, Incorporated, for the sum of $1,540.62, interest, costs, and all other proper relief."

Summons was issued in said cause for the defendant therein, the petitioner here, and on the 16th day of January, 1922, was served on R. B. Hackney, the agent for service designated by said Brown & Hackney, Inc., in the State of Arkansas.

At the March, 1922, term of said court, the defendant appeared especially for the purpose of questioning the jurisdiction of the court, and for that purpose filed its motion to quash the service, as follows:

"Comes the defendant, Brown & Hackney, Incorporated, and, not entering its appearance, but for the purpose of quashing the service in this case alone, says: That plaintiff is a citizen and resident of the State of Louisiana; that defendant is a corporation organized under the laws of the State of Tennessee, and domiciled in Memphis, Tennessee; that the plaintiff claims that the alleged contract, upon which this action was founded, was entered into in the State of Louisiana; that the defendant is not incorporated in the State of Arkansas, but is doing business in the State of Arkansas as a foreign corporation only; that the defendant is not subject to answer to such an action as this in the courts of the State of Arkansas; that to require it to answer, to submit to a trial and a personal judgment in such an action as this in this court, will deny to the defendant the equal protection of the laws and due process of law afforded to the defendant by the Constitution of the United States. Wherefore, defendant asks that this cause of action be dismissed as to it, and that it be no longer threatened or imperiled with such unlawful process."

On the hearing of the motion the same was overruled, and the defendant, declining to further plead, judgment was on March 15, 1922, rendered by said court in favor of the plaintiff in said cause against the said defendant for the sum of sixteen hundred thirty-four and 85/100 ($1,634.85) dollars."

On July 18, 1922, Brown & Hackney, Incorporated, filed in this court the petition now before the court for

a writ of certiorari to bring before this court the record of the proceedings had in the cause between the parties in the circuit court of Chicot County for review and for the purpose of determining whether the judgment of that court was rendered without jurisdiction.

The petition sets out the facts disclosed by the foregoing complaint and motion to quash, and alleges that the circuit court of Chicot County was without jurisdiction of the person of the defendant therein or of the cause of action upon which the judgment was there rendered; that the enforcement of said judgment would deprive this petitioner of its property without due process of law, in contravention of the 14th Amendment to the Federal Constitution.

It further avers that the petitioner here is without remedy to obtain a review of the proceedings of said circuit court other than by writ of certiorari.

We are met at the threshold with the issue as to whether or not certiorari will lie to correct the ruling of the circuit court in refusing to quash the service had in that case upon Brown & Hackney, Incorporated (hereafter called petitioner). The petitioner contends that the circuit court was without jurisdiction of the person of the petitioner, and also had no jurisdiction of the cause of action upon which the judgment of the circuit court was rendered.

An examination of the allegations of the complaint filed by Stephenson (hereafter called respondent) against the petitioner in the circuit court will discover that the complaint states a cause of action which is transitory in character. The circuit court of Chicot County therefore had jurisdiction of the subject-matter of the action, and the only issue here is whether or not it had jurisdiction of the petitioner. The circuit court did not exceed its jurisdiction in determining the issue as to whether or not service of summons could be had upon the petitioner in Arkansas upon the cause of action stated in the complaint. It was peculiarly within the jurisdic-

tion of the circuit court to determine whether the service could be had upon the petition in this State, and the decision on that issue raised by the motion to quash the service, if erroneous, could and should have been corrected by appeal. The doctrine is well established by numerous decisions of this court "that a writ of certiorari cannot be used in any case where there has been a right of appeal, unless the opportunity of appealing has been lost without the fault of the petitioner; or unless the court, in the proceedings which the petitioner seeks to have reviewed and quashed by certiorari, has acted without, or in excess of, its jurisdiction." *Lamb & Rhodes* v. *Howton,* 131 Ark. 211; *Hilger* v. *J. R. Watkins Medical Co.,* 139 Ark. 400, and other cases cited in Cumulative Sup. Crawford's Ark. Dig., title Certiorari, §§ 4, 12; *Stroud* v. *Conine,* 114 Ark. 304-09; *Caroline* v. *Caroline,* 47 Ark. 511; *Gregg* v. *Hatcher,* 94 Ark. 54; *Griffin* v. *Boswell,* 124 Ark. 234; and numerous cases cited in 1 Crawford's Digest, p. 908 (Certiorari).

After the petitioner entered its special appearance and moved to quash service, it was certainly within the jurisdiction of the trial court to determine whether the petitioner had been duly served with process, and, if the court erroneously decided that issue, the petitioner had a complete and adequate remedy to correct the error by appeal. But, while the petitioner concedes that it would have had a remedy by appeal, it nevertheless contends that such remedy is not as efficient as the remedy by certiorari, and hence petitioner is entitled to the latter remedy, the trial court having exceeded its jurisdiction. Petitioner unquestionably would be correct in this contention if, as petitioner assumes, the trial court had exceeded its jurisdiction in deciding that petitioner had been served with summons. See *Stroud* v. *Conine,* and *Gregg* v. *Hatcher, supra.* But the issue here is not whether certiorari would afford a more or less effectual remedy than appeal. The question is whether the trial court had jurisdiction to decide that petitioner had been

served with summons in the action against it by respondent. Having concluded that the circuit court had jurisdiction to determine that issue, we do not reach the interesting question, so ably argued in briefs of counsel, of whether an action can be maintained in this State by a nonresident against a foreign corporation doing business in this State, upon a cause of action of a transitory nature arising in a foreign State. Petitioner rested on its motion to quash the service, and allowed judgment final to be entered against it. It follows from what we have said that such judgment must be affirmed. It is so ordered.