PRUITT *v.* INTERNATIONAL ORDER OF TWELVE, KNIGHTS & DAUGHTERS OF TABOR.

Opinion delivered April 23, 1923.

1. JUDGMENT—INSUFFICIENT SERVICE—REMEDY.—A court having jurisdiction of the subject-matter of an action has inherent power to determine the sufficiency of the service upon which a default judgment was rendered, and the proper remedy to attack the judgment on the ground of insufficient service is by motion to vacate the judgment, and not by certiorari to quash it.

2. JUDGMENT—RES JUDICATA.—Where defendant moved to vacate a judgment for insufficient service, and his motion was denied, he is concluded by such judgment, not having appealed therefrom.

3. CERTIORARI—LOSS OF APPEAL.—Certiorari ought not to issue in any case where there is or has been a right of appeal, unless the right of appeal has been lost without fault of the petitioner.

Appeal from Pulaski Circuit Court, Second Division; *A. F. House,* Judge; reversed.

*John C. Sheffield,* and *Sherrill & Mallory,* for appellant.

The municipal court had jurisdiction of the subject-matter of the original judgment and the right to determine the sufficiency of the service upon appellee as defendant in the suit. Defendant was exempted by § 6117, C. & M. Digest, from the provisions of §§ 6068-6120, and not entitled to 30 days in which to answer, and did not appeal from the judgment so holding. Could be summoned by service on Insurance Commissioner. 45 Ark. 59; 71 Ark. 145; 24 Ark. 371; 91 Ark. 141. Cannot ratify and repudiate same transaction. 47 Ark. 301; 47 Ark. 317. Nor contend for a different theory of the case from that held in the trial court. 64 Ark. 253. Defendant entered appearance by filing motion to vacate judgment anyway. 63 Miss. 1; 74 Wis. 556; 7 Ark. 159; 143 Ark. 506; 3 Cyc. 504; 95 Ark. 302; 85 Ark. 431; 87 Ark. 230; 101 Ark. 124. Did not move with sufficient diligence had certiorari been proper remedy. 89 Ark. 604; 130 Ark. 42. Lost right of appeal by its own negligence. 37 Ark. 321; 25 Ark. 518; 3 Ark. 566; 147 Ark. 581; § 6289, C. & M. Digest; 32 Ark. 717.

*Scipio A. Jones, G. W. Hendricks* and *J. H. Carmichael,* for appellee.

Judgment by default void rendered in 21 days after service of summons on Insurance Commissioner. Sec. 6238, C. & M. Digest; act 462 Acts of 1917, § 17. Filing motion to vacate judgment and appealing therein could not validate void judgment. *German Investment Co.* v. *Westbrook,* 101 Ark. 124, and *Holloway* v. *Holloway,*

85 Ark. 431, are not to the contrary.   Motion to vacate not having been filed in ten days, court had no jurisdiction to hear it.   Sec. 6449, C. & M. Digest; 148 Ark. 22.

The judgment being void in its face, no delay on part of appellee would give it life.   15 R. C. L. § 146, Judgments.

HUMPHREYS, J.  Appellant procured a judgment on February 24, 1921, against appellee, by default, in the second division of the municipal court of Little Rock, Arkansas, which was a court of record, for $300, upon a life insurance policy.   The summons was served upon Bruce T. Bullion, State Insurance Commissioner, who had been given a power of attorney by said appellee to receive service of legal process in any action which might be brought against it in Arkansas.   No appeal was ever prosecuted from the judgment.   At a subsequent term of said court appellee filed a motion to vacate said judgment upon the ground that the summons should have been served upon the proper official of said company, instead of said commissioner, alleging that, at the time the summons was issued and served, it was not within the class of fraternal benefit societies governed by act 462, Acts of 1917, Crawford & Moses' Digest, §§ 6068-6120 inclusive, designating said Insurance Commissioner the proper agent for service upon it.   The municipal court heard and overruled the motion, and, upon appeal to the circuit court, said motion was again heard and overruled.   The judgment dismissing the motion became final on the 31st day of October, 1921, and no appeal was ever prosecuted from it.   Instead appellee, on the 18th day of January, 1922, sought to quash the original judgment for $300 rendered by default on the policy, by writ of certiorari sued out of the circuit court. Appellant interposed the defense to the petition for writ of certiorari that said circuit court had adjudicated the sufficiency of the service on said motion to vacate the original judgment.   The cause was heard upon the record of the municipal court brought up by the writ of

certiorari, and the response filed thereto, embracing exhibits of the proceedings on the motion to vacate the judgment aforesaid. The court sustained the petition for the writ of certiorari by quashing the default judgment rendered by the municipal court on February 4, 1921, from which is this appeal. Appellant contends that the trial court should have sustained his plea of *res judicata,* and should have denied the writ upon the ground that appellee failed to apply for said writ within a reasonable time after the judgment sought to be set aside became final. Appellee insists that the municipal court had no jurisdiction to hear and determine the motion filed by it to quash the judgment, and for that reason it was not bound by the adverse adjudication to it on said motion. The subject-matter of the original judgment was clearly within the jurisdiction of the municipal court. This being the case, it follows that the court had jurisdiction to determine the sufficiency of the service upon appellee, who was a party defendant in the suit. Courts having jurisdiction over the subject-matter of any litigation necessarily have inherent power to determine when the parties thereto have been properly brought into court. Appellee, by petition, obtained a hearing and adjudication of the sufficiency of the service upon which the default judgment was rendered. In view of the fact that the court had jurisdiction of the subject-matter involved in the suit in which default judgment was rendered, appellee adopted, in the first instance, the proper remedy to attack the judgment on the alleged ground of insufficient service, and is therefore precluded by the judgment, not having appealed from same. A motion to vacate the judgment, and not certiorari to quash it, was the proper remedy. *Brown & Hackney, Inc., v. Stephenson,* 157 Ark. 470.

And again, appellee did not move with sufficient diligence had the proper remedy been by certiorari. Appellee knew of the pendency of the suit before judgment was rendered against it, and after the expiration

of the time in which to appeal appellee waited about a year before petitioning for the writ of certiorari. This court is committed to the doctrine that "certiorari ought not to issue in any case when there is or has been a right of appeal, unless the right of appeal has been lost without fault of the petitioner." *Payne* v. *McCabe,* 37 Ark. 318; *Moore* v. *Turner,* 43 Ark. 243; *Ex parte Pierce,* 44 Ark. 509; *Burgett* v. *Apperson,* 52 Ark. 213.

For the error indicated the judgment is reversed, and the cause remanded, with direction to quash the writ of certiorari.