MURPH v. CONSOLIDATED SCHOOL DISTRICT No. 39.

Opinion delivered April 13, 1925.

1. SCHOOLS AND SCHOOL DISTRICTS—ORGANIZATION IN CITIES AND TOWNS.—Crawford & Moses' Dig. § § 8827-8, relating to the method of organizing and establishing single school districts in cities and towns, was not repealed by act 324 of 1919.

2. SCHOOLS AND SCHOOL DISTRICTS—CONSOLIDATION OF URBAN AND RURAL DISTRICTS.—Act 216 of 1911 (Crawford & Moses' Dig., §§ 8843-6) and the act of February 4, 1869, as amended, (Crawford & Moses' Dig., § 8949) are not inconsistent with each other and furnish co-ordinate methods for consolidating school districts, the former providing a method by which a part or all of a rural school district may be annexed to an urban single school district, while the latter provides for the consolidation as a whole of school districts of any character.

Appeal from Union Chancery Court, Second Division; H. P. Smead, Special Chancellor; affirmed.

C. L. Johnson, for appellant.

Mahoney, Yocum & Saye, and W. B. Scott, for appellee.

HUMPHREYS, J. This suit was filed by appellant, a resident and taxpayer in Consolidated School District No. 39 of Smackover, against appellees, in the chancery court of Union County, to enjoin them from mortgaging the real estate of said district, pledging the credit thereof, or issuing bonds as an indebtedness against said property, upon the ground that the district was not legally organized. It was alleged in the bill that the district was consolidated pursuant to and in conformity with act 116 of the Acts of the General Assembly of 1911, which act contained no authority for consolidating an urban school district with a rural school district, as was done in this instance, but provided a method for consolidating two or more rural school districts; also that, in organizing the town of Smackover into the Smackover Special School District before it was consolidated with Common School District No. 39 adjoining it, the method followed was prescribed in act No. 312 of the Acts of the General Assembly of 1909, instead of that prescribed by act No. 234 of the Acts of the General Assembly of 1919.

A general demurrer was filed to the bill by appellees, which was sustained by the court, and, appellant electing to stand upon his bill, the same was dismissed by the court for the want of equity, from which is this appeal. The demurrer concedes that an election was held by the mayor of Smackover in response to a petition lodged with him, signed by more than twenty voters residing therein, to determine the question of whether the territory embraced within the corporate limits of said town should be organized into a special school district, and that the Smackover Special School District was organized in strict conformity to act No. 312 of the Acts of the General Assembly of 1909, but the contention is made that said act was supplanted by act No. 324 of the Acts of the General Assembly of 1919, creating county boards of education, and that the county board of education should have called the election in the place of the mayor. The later act did not repeal the first, for it has relation to the organization of rural special school districts and the former to the organization of single or special school districts in cities and towns. This court said, in the case of *Brown* v. *Peach Orchard,* 162 Ark. 175, that "this act (referring to act No. 234 of the Acts of 1919) was passed subsequent to act 312 of the Acts of the General Assembly of 1909, and did not in express terms repeal the former act. We do not think it did so by implication. * * * The purpose of the later act was to substitute county boards of education for the county court as a tribunal to form local school districts, change district boundary lines, etc." Act 312 of the Acts of 1909 (Crawford & Moses' Dig., § 8827) is still in force and effect, so the town of Smackover was legally organized into a special school district.

The demurrer also concedes that the Smackover Special School District was consolidated with Common School District No. 39 adjoining it, in accordance with act No. 116 of the Acts of the General Assembly of 1911, but contends that said act only applies to the consolida-

tion of two or more rural or common school districts, and has no relation to the consolidation of a single or special school district with a common or rural school district. The first section of the act is as follows:

"Any two or more school districts in this State may be organized into and established as a single consolidated school district in a manner and with the power herein specified." (Crawford & Moses' Dig. § 8843.)

The language in the act is broad enough to include any kind of school districts, and should not be limited by construction to apply to any particular classes of districts. The argument is made that the act should be construed as being applicable to rural districts only, because another *modus operandi* for the annexation of territory to single or special school districts was provided by § 15 of act February 4, 1869, subsequently amended and digested as § 8949 of Crawford & Moses' Digest. It is provided in that section that the "county board shall annex contiguous territory to single school districts, under the provisions of this act, when a majority of the legal voters of said territory and the board of directors of said single school district shall ask, by petition, that the same shall be done." We do not think the provision quoted is inconsistent with or repugnant to the provisions of act No. 116 of the General Assembly of 1911. (Crawford & Moses' Digest §§ 8843-6). The *modus operandi* provided in the annexation act permits the annexation of a part of the rural district as well as all of it to a single district, whereas, under act 116 of the General Assembly of 1911, provision is made for the consolidation of school districts in their entirety only. The two acts furnish co-ordinate methods for consolidating school districts. The annexation act does not furnish an exclusive method for uniting a rural school district to a single school district.

For the reasons assigned, the decree is affirmed.