FISHER *v.* STATE.

4314                                           174 S. W. 2d 446

Opinion delivered October 11, 1943.

178

*C. C. Hollensworth,* for petitioner.

*Guy E. Williams,* Attorney General and *Earl N. Williams,* Assistant Attorney General, for respondent.

ROBINS, J.  Petitioner, Ulysses Fisher, seeks by petition for writ of certiorari to have quashed a judgment of the circuit court of Bradley county, under which petitioner, on his plea of guilty to a charge of grand larceny, was sentenced to imprisonment in the penitentiary for a term of twenty-one years. Attached to his petition as exhibits are duly certified copies of the various documents and orders of the court necessary to a consideration and determination of this case. Neither the authenticity nor the correctness of these exhibits is challenged and we are therefore treating them as the record in the case.

Petitioner urges that this judgment was erroneous for the reason that the lower court should have granted his motion for a continuance on the ground that petitioner's attorney was a clerk in the general assembly, which was in session at the time petitioner was sentenced; and

for the further reason that the judge who presided at the time the judgment complained of was rendered was prosecuting attorney when the information against petitioner, on which he was sentenced, was filed.

It appears from the petition and record herein that on February 1, 1941, Hon. John M. Golden, prosecuting attorney of the Tenth Judicial Circuit of Arkansas, filed in the lower court an information charging petitioner with the offense of grand larceny; that on February 4, 1941, petitioner entered a plea of guilty to this charge, and the court continued the case during good behavior of petitioner, as is authorized by the provisions of § 4053 of Pope's Digest of the Laws of Arkansas; that on January 25, 1943, the prosecuting attorney filed an information against petitioner charging him with manslaughter; that Mr. C. C. Hollensworth had acted as attorney for the defendant when he entered the plea of guilty in the grand larceny case, and that he was also engaged to represent petitioner in the homicide case; that Mr. Hollensworth was employed and served as parliamentary clerk for the House of Representatives during the 54th General Assembly of Arkansas, the session of which lasted from January 12, 1943, until March 11, 1943; that as a result of a conference between Mr. Hollensworth and the prosecuting attorney Mr. Hollensworth understood that petitioner's case was to be postponed until after the adjournment of the legislature; that a motion for continuance in both cases, setting up that petitioner's attorney was a clerk of the general assembly then in session, was duly filed; that the manslaughter charge against petitioner was withdrawn and an indictment charging petitioner with murder was returned by the grand jury on February 1, 1943; that on February 1, 1943, petitioner was brought into court, then being presided over by Hon. John M. Golden as judge, and, in the absence of and without notice to his said attorney, a hearing was had, which resulted in petitioner being sentenced to imprisonment in the penitentiary for twenty-one years on the grand larceny charge.

## I.

Section 6147 of Pope's Digest provides: "Any and all proceedings in suits pending in any of the courts of this State in which any attorney for either party to any suit is a member of the Senate or of the House of Representatives or is a clerk or Sergeant-at-arms or a doorkeeper of either branch of the General Assembly, and any and all proceedings in suits pending in any of the courts of this state in which any member of the legislature or clerk or sergeant-at-arms or doorkeeper of either branch of the General Assembly is a party, shall be stayed for not less than 15 days preceding the convening of the General Assembly and for thirty days after its adjournment, unless otherwise requested by any interested member of said General Assembly."

It is not disputed that Mr. Hollensworth, who had been representing petitioner in the grand larceny case, was a clerk of the House of Representatives in the performance of his duties as such on January 25, 1943, when the motion for continuance was filed and on February 1, 1943, when sentence was pronounced against petitioner. The lower court should therefore have granted the motion for continuance. *Barton-Mansfield Co.* v. *Higgason,* 192 Ark. 535, 92 S. W. 2d 841.

## II.

The Constitution of Arkansas, art. VII, § 20, provides: "No judge or justice shall preside in the trial of any cause . . . in which he may have been of counsel . . ."

The Constitution of Texas contains a provision as to the disqualification of judges which is similar to that in the Constitution of Arkansas. In the case of *Terry* v. *State* (Tex.), 24 S. W. 510, it appeared that the circuit judge before whom Terry had been tried and convicted for the theft of a horse had, while prosecuting attorney, received the complaint of the owner of the horse, reduced it to writing, had it sworn to by the owner and filed same in court, this being the procedure for institution of such prosecution. The court in that case held that the judge was disqualified.

The Supreme Court of West Virginia, in the case of *State* v. *Cottrell,* 45 W. Va. 837, 32 S. E. 162, in sustaining the contention that the judge before whom Cottrell was convicted of a felony was disqualified by reason of having signed the indictment against Cottrell while prosecuting attorney, said: ''Nor is it proper for a judge to try indictments signed by him as prosecuting attorney. No prosecutor likes to quash his own papers, and his knowledge of the facts obtained while prosecutor may tend to prejudice the prisoner's right to a fair and impartial trial. Evil appearances should be avoided, that the fountain of justice may be kept pure.''

In the case of *Mathis* v. *The State,* 3 Heisk., 127, the supreme court of Tennessee said: ''It appears from the record, that the indictment was signed by James E. Rice, Attorney General, and that he presided as Judge on the trial of the cause. This is assigned as error, and we think, correctly. The Constitution, art. 6, § 11, provides that no judge shall preside in any cause in which he may have been of counsel; and § 3913 of the Code, contains a similar provision. We are unable to discover any reason for prohibiting a Judge from presiding in a civil cause in which he may have been of counsel, which does not apply on the trial of a criminal cause. The Constitution makes no distinction, and we are not authorized to make any.''

The rule is thus stated in 33 Corpus Juris, p. 1005: ''A judge who while prosecuting attorney actively participated in the preparation of a criminal case is disqualified to try it . . .'' The precise question here presented has not heretofore been decided by this court, but our conclusion is that a judge who, while serving as prosecuting attorney before going on the bench, had signed an information or indictment in a criminal case had been ''of counsel'' in such case and under the Constitution is disqualified to preside in any trial or hearing therein.

While this court, in the case of *Shropshire* v. *State,* 12 Ark. 190, decided in 1851, held that the fact that the indictment against Shropshire was signed by a prose-

cuting attorney named A. B. Greenwood and the trial was subsequently had before a judge named A. B. Greenwood was not sufficient to show that the prosecuting attorney and the judge was one and the same person, so as to establish disqualification of the judge to try the cause, the decision in the Shropshire case appears to be not in accord with earlier decisions of this court and furthermore to be contrary to the weight of modern authority.

In the case of *McNamee* v. *United States*, 11 Ark. 148, decided in 1850, it was held that where no particular circumstance tends to raise a question as to the parties being the same the sameness in name is sufficient to create an identity in person.

"The rule formerly prevailed that an appellate court would not judicially notice the personnel of a lower court at a certain time, but the modern tendency of the courts is to the contrary. An appellate court will now generally take cognizance of the date on which a person took office as a judge of an inferior tribunal, his term of service, and the date on which he ceased to be such a judge, whether his connection was terminated by resignation, death, or expiration of the term for which he was chosen." 20 Am. Jur., p. 99.

We prefer to follow the modern rule, which we believe to be more in accordance with commonsense and more applicable to present day conditions than the rule laid down in the Shropshire case, *supra*. We take judicial cognizance of those records required by law to be maintained in the office of the Secretary of State. *Kaufman & Co.* v. *Stone*, 25 Ark. 336; *McCrary* v. *Schenebeck*, 191 Ark. 698, 87 S. S. 2d 572. The Secretary of State's records reflect accurately the personnel of the judiciary of the state. We therefore hold that, in the absence of any showing to the contrary, it must be presumed that Hon. John M. Golden who, as prosecuting attorney, filed the information against petitioner is the same person as Hon. John M. Golden who, as circuit judge, imposed the sentence in this case.

### III.

It follows from what has been said that error was committed by the lower court in not granting petitioner's motion for a stay of proceedings until after the termination of his attorney's legislative duties, and also by reason of the sentence being imposed by a judge who was disqualified on account of having been counsel for the state when the prosecution was begun.

Ordinarily errors of this kind must be corrected by appeal and not by certiorari proceedings. "Certiorari cannot be used as a substitute for appeal except in instances where the right of appeal has been unavoidably lost through no fault of the petitioner." *Tilghman* v. *Russell,* 158 Ark. 593, 251 S. W. 353. See also *Burgett* v. *Apperson,* 52 Ark. 213, 12 S. W. 559; *Ex Parte Phillips,* 80 Ark. 200, 96 S. W. 742; and *Pruitt* v. *International. Order of Twelve, Knights & Daughters of Tabor,* 158 Ark. 437, 250 S. W. 331. But the rule is well established that where a party, through no fault or negligence of his, has lost his right of appeal he may have the erroneous proceedings against him corrected by writ of certiorari. *Roberts* v. *Williams, et al.,* 15 Ark. 43; 14 C. J. S. Certiorari, § 40, p. 189.

In order for an appeal to have been of any avail to petitioner in this case it was, of course, necessary for him to preserve his exceptions during the hearing and to renew same by motion for new trial after the judgment. It appears that petitioner, a negro, was brought into court and, in the absence of his attorney, who had some reason to assume that no steps would be taken in the case at that time, a hearing was had which resulted in petitioner being given the maximum punishment of imprisonment for twenty-one years in the penitentiary on a charge of grand larceny. Since the record shows prejudicial errors which would call for a reversal of the judgment of the lower court if the case were before us on appeal, and since, under the peculiar circumstances shown by the record, it is apparent that the prosecution of an appeal by petitioner was rendered impossible by circumstances for which petitioner was not responsible, we believe that the

ends of justice will be best served by quashing the judgment of the lower court and directing that petitioner be granted a new hearing on his plea of guilty to the charge of grand larceny as to the extent of the punishment to be imposed upon him. It is so ordered.