FLOURNOY et al vs. PAYNE, Administrator.

CERTIORARI:  *Practice on, etc.*

The writ of *certiorari* is not a writ of right, but will be granted or denied, in the discretion of the court, according to the circumstances of each particular case as justice may require, and whenever it plainly appears that such discretion has been improperly exercised, the court, on the motion of either party, or on its own motion, will quash the writ, notwithstanding a return has been made and the merits of the case gone into.

SAME:  *What errors corrected on.*

Errors in assumption of jurisdiction are properly correctable on *certiorari*, but where errors arise in conclusions of law in deciding a case upon its merits, they can only be corrected on appeal, unless the party is prevented from appealing by unavoidable circumstances.

APPEAL from *Desha* Circuit Court.
Hon. JOHN E. BENNETT, Circuit Judge.

*Garland & Nash*, for appellants.
*Watkins & Rose*, for appellee.

SEARLE, J.   At the spring term 1868 of the Desha probate court, John B. Payne, jr., as administrator of the estate of Sally C. Flournoy, deceased, presented for allowance and classification a claim against the estate of D. J. Flournoy, deceased, notice having been given to Robert C. Flournoy, as executor of the last will and testament of the said D. J. Flournoy, deceased, that said claim would be presented, etc.   The claim was allowed and classified.   Over two years afterward, Robert C. Flournoy and others interested in the estate petitioned the Desha circuit court for a writ of *certiorari* to be issued to the clerk of the probate court to certify to the circuit court the proceedings and judgment of the probate court in relation to the presentation and allowance of said claim, etc. The writ was allowed, return made thereto with the transcript of the record of said proceedings ; cause heard by the circuit court, and judgment of the probate court affirmed, from which the petitioners appealed to this court.

The appellants in their petition for the writ of *certiorari* alleged substantially, that the probate court erroneously allowed said claim upon a certain decree as evidence thereof, obtained by the appellee against Robert C. Flournoy, as executor, etc., in the Fayette circuit court of Kentucky ; that, as to three of the petitioners, namely, Elizabeth Stevenson, Mary Stone and Letitia Hume, they were residents of the state of Kentucky, and had no notice that said claim would be presented, and therefore have no opportunity of appealing from the judgment allowing and classifying said claim, and that as to the said Robert C. Flournoy, although he was served with notice that the said claim would be presented for probate and allowance, it was in the city of Louisville, Kentucky, where he was

then living and that his engagements were such that he could not on such short notice then go to the state of Arkansas to attend said court, and therefore he had no opportunity of appealing from the said judgment, etc. The petitioners further state " that long before the said notice was given to the said Robert C. Flournoy, and before the probate and allowance of said claim, he, Flournoy, had become a nonresident of the state of Arkansas and ceased to be executor of said will of D. J. Flournoy, as by such nonresidence his letters testatmentary have been forfeited by the express statute of said state."

The petition is subscribed and sworn to by R. Hutchison, one of petitioner's attorneys, who states in his affidavit that he believes the statements in the petition to be true. The transcript of the record of the probate court, certified to the circuit court in obedience to the writ, discloses the following facts: That the claim complained of in the petition was allowed and classified as evidence by the decree of the Fayette circuit court of Kentucky, and that Robert C. Flournoy, at and before that time, was executor of the last will and testament of D. J. Flournoy, deceased.

Did the circuit court err in affirming the judgment of the probate court in allowance of said claim?

To determine this question, it is not necessary to ascertain or decide whether or not the probate court erred in the allowance of the claim; for we think the circuit court had no proper jurisdiction in this case over its proceedings, or at least improperly entertained jurisdiction thereof for final determination upon its merits. It seems to be well settled that if the court becomes satisfied, at any stage of the proceedings, that the writ of *certiorari* ought not to have been issued, it may be quashed on motion of the parties; or the court, on its own motion, may quash it; for otherwise it might be forced to proceed in a cause where it had no jurisdiction, merely because neither

party saw fit to make a motion of the kind. The writ of *certiorari* is not a writ of right, but will be granted or denied in the discretion of the court, according to the circumstances of each particular case as justice may require. Hence, whenever it plainly appears that such discretion has been improperly exercised, the court will retrace its steps by quashing the writ, notwithstanding a return has been made and the merits of the cause gone into. We apprehend that cases brought into a court by such writs are not far different in this respect from ordinary cases; and in ordinary cases the court will, on its own motion, dismiss at any stage of the proceedings upon discovering a want of jurisdiction. *Randle v. Williams*, 18 Ark., 380. In this case it is doubtful whether the circuit court properly exercised its jurisdiction, in the first instance; in granting the writ, upon the showing made by the petitioner. But, granting that the writ was properly issued in the first instance, the return thereto with the transcript of the record of the proceedings of the probate court clearly show, we think, that the circuit court had no such jurisdiction of the case as to justify it in determining the same by an affirmance of the judgment or a quashal of the proceedings of the probate court. From the record of the probate court, it appears that Robert C. Flournoy was, at the time the claim was allowed, executor of the will of D. J. Flournoy, deceased, and, as such, had charge of the deceased's estate; at least, he was so recognized in the proceedings of that court. And this solemn recognition of a court from which he derived his power to act by letters testamentary, and to which he was responsible, must be taken as not controverted and disproved by the mere statement, under belief, of an attorney in the case, who possibly had no means of knowing the facts in the premises further than what the probate court records disclosed. It is true that the petition states, by way of argument to prove that he was not

at that time executor, that Robert C. Flournoy, at the time notice was served upon him that the claim would be presented for allowance, was a nonresident of the state, and "that, by such nonresidence, his letters testamentary had been forfeited by the express statute of that state."

Such nonresidence we apprehend, if true, did not, of itself, occasion a forfeiture of his letters testamentary under the statute; it merely gave the probate court good reason for the removal of the executor. That the executor was served with notice of the contemplated presentation of the claim for probate was not controverted — was admitted. That court then clearly had jurisdiction of the party, who, under the will of his testator and by letters testamentary, represented the estate and the parties interested therein, and also of the subject matter, the claim in question. Consequently if it erred, it was not in its assumption of jurisdiction; it was merely in its conclusions of law in deciding the case on its merits. Errors of this kind can be corrected only by appeal. *Hill v. State.* 17 Ark., 44. Unless the parties are prevented from appealing by circumstances over which they have no control. *Denton v. Boyd*, 21 Ark., 264. The appellants, however, attempted to excuse their failure to appeal by alleging unavoidable circumstances which prevented them. These allegations, in this respect, were wholly unsupported. The petition, as above remarked, was sworn to by an attorney, on " belief," without any showing that he had the least knowledge of the facts stated. But taking the statement of the petition to be true, the excuse for not appealing is insufficient. The petition alleges that Robert C. Flournoy's " engagements were such " that he could not be present when the claim was probated. The nature of his " engagements " is not shown. This certainly was no sufficient excuse. *Wyatt v. Burr*, 25 Ark., 476. It does not appear that his personal presence was necessary ;

he might have engaged an attorney or agent to attend in his place.

As to the other petitioners, they were represented by the executor at the time this claim was presented for allowance and were not entitled to be parties in the adjudication thereof. They can, therefore, plead the negligence of the executor neither as an excuse for their failure to appeal, nor as in any manner giving them rights in a proceeding of this character.

The appellant, Robert C. Flournoy, not having shown circumstances sufficient to excuse him from his neglect to appeal, his only remedy was by appeal, and the circuit court had not the jurisdiction to determine the case upon *certiorari*.

The judgment of the court below is reversed, and the cause is remanded with instructions thereto to quash the writ.