### CLARKE *v.* TAYLOR.

Opinion delivered November 2, 1901.

RATE OF INTEREST—PLACE OF CONTRACT.—The place of payment controls the rate of interest, in the absence of contract.

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

#### STATEMENT BY THE COURT.

The plaintiff alleged that the American Building & Loan Association was incorporated as a mutual building and loan association in 1887 under and virtue of the laws of the state of Minnesota, having its office and principal place of business in the state of Minnesota. On the 26th of July, 1892, its corporate name was

changed to the American Savings & Loan · Association, without changing, altering or affecting any of its rights, privileges or liabilities. That the association carried on the general business of a building and loan association from the date of its incorporation until the 14th of January, 1896. That the general nature of its business was, as expressed in article 2 of its articles of association, as follows: "To assist its members in saving and investing money and in buying and improving real estate and procuring money for other purposes by loaning or advancing, under the mutual building society plan, to such of them as may desire to anticipate the ultimate value of their shares, funds accumulated from the monthly contribution of its stockholders, and also such other funds as may from time to time come into its hands." That in a certain proceeding in the district court of Hennepin county, Minnesota, on the 14th of January, 1896, said association was declared insolvent, and Wm. D. Hale was appointed receiver thereof; said case was appealed to the supreme court of Minnesota, and the decision affirmed, and Hale appointed as permanent receiver, and duly qualified as such, and has since acted as such. That the laws of the state of Wisconsin required, as a condition precedent for a foreign building and loan association to do business therein, that a deposit with the state treasurer of $100,000 in securities be made, and to keep said deposit good. That said association complied with the said law, and deposited with the treasurer of the state of Wisconsin $100,000 in securities, payable to said association, among others the bond and mortgage of the defendants, Mary L. and D. T. Taylor. That, after the insolvency of the association had been declared by the district court of Hennepin' county, Minnesota, a certain proceeding was had in the circuit court of Dane county, Wisconsin, in an action wherein L. V. Lewis was plaintiff and said association and the treasurer of the state of Wisconsin were defendants, in which M. C. Clarke, this plaintiff, was appointed receiver of the association in the state of Wisconsin, and received all the securities deposited by said association with the treasurer, among others, the note and mortgage of the defendant. That this action is brought by leave, and under the order and direction, of the circuit court of Dane county, Wisconsin. [Then follows a statement of the obligation sued upon and the mortgage securing the same, which it is not deemed necessary to abstract. It is an ordinary form of building and loan bond and mortgage of this association, which has been before this court in the case of *Roberts* v.

*American B. & L. Association,* 62 Ark. 572, and in the recent case of *Hale* v. *Phillips,* 68 Ark. 382.] The facts were that on the 25th of June, 1889, Mary L. Taylor made application for membership in the association, and subscribed for and became the owner of 60 shares of its capital stock of the par value of $6,000, and on the 2d of July, 1889, the association issued and delivered to her a certificate for said 60 shares of stock, which said certificate was issued to and accepted by the said defendant upon the terms and conditions therein set forth and subject to the provisions of the by-laws of the association. That on the 28th of July, 1889, the said Mary L. Taylor made application to the association for a loan or advancement of $3,000 by way of anticipation of the value of said shares of stock at their maturity, and, in accordance with the laws of Minnesota and the by-laws of the said association, bid the sum of $50 per share, or $3,000, as and for a premium for the privilege of obtaining such advancement, which said application and bid were duly accepted and approved by the board of directors, and the amount applied for, the sum of $3,000, was duly paid to the defendant, Mary L. Taylor; and, in order to secure the due performance of the bond given by the said defendant, a mortgage was executed upon certain property situated in Hot Springs, fully described in the complaint, which mortgage was duly recorded. That the said defendants have paid as dues, upon the said stock the sum of $1,764, the same being dues for the months of August, 1889, to August, 1893, both inclusive, and have paid as interest the sum of $705, and that the legal rate of interest of the state of Minnesota was 7 per cent. That the insolvency of the association cancelled and rescinded the contract, and caused the principal sum of said loan of $3,000 to become presently due and payable with 7 per cent. interest thereon from the date of its advancement to the defendants, less the amount of interest paid thereon with interest upon the said interest payments. And judgment was prayed accordingly. To the complaint were attached copies of the bond and mortgage.

Wm. D. Hale, receiver of the association, appointed by the district court of Hennepin county, asked to become a party plaintiff, stating that he was receiver of said association for all of its assets except such as were within the state of Wisconsin, of which plaintiff, M. C. Clarke, was receiver. That there had been litigation between him and receiver Clarke as to which should receive and control the assets of said association which were deposited with

the state treasurer of the state of Wisconsin; that said litigation has resulted so far in favor of receiver Clarke having the control and administration of the assets of the association which were deposited with the said state treasurer. That he and receiver Clarke had entered into an agreement, which had been duly approved by the respective courts appointing them, under which agreement receiver Clarke was entitled to recover upon the bonds and mortgages which were turned over to him by virtue of his appointment; and that he joined in this suit for the purpose of having all parties having any possible or contingent interest in the litigation being before the court, and not for the purpose of in any way disputing or contesting said agreement or the right of the receiver Clarke to recover herein. And further stated that, should there be a recovery herein, the proceeds of recovery will be received by receiver Clarke under and subject to the agreement and ultimately to be disposed of as directed by the courts appointing the receivers. For the sole purpose of having all parties properly before the court, he entered his appearance in furtherance of the rights set forth by receiver Clarke.

The petition was granted, and receiver Hale made a party plaintiff.

The defendants deny that receiver Clarke is the lawful holder and owner of the bond and mortgage sued on, but admit the allegations of the complaint as to the manner in which he came into possession thereof. They allege that the association was organized and incorporated as a mutual building and loan association, and as such carried on a general business of a building and loan association for the purpose of assisting its members in saving and investing money and in buying and improving real estate and procuring money for other purposes by loaning or advancing money upon the mutual building society plan to such of its members as desired to anticipate the ultimate value of their shares from funds accumulated by the monthy contribution of its stockholders and from such other funds as might from time to time come into its hands. That the association had no authority of law, and it was contrary to its by-laws and constitution, and the purpose for which it was created, to place a deposit with the treasurer of the state of Wisconsin of $100,000 of bonds and mortgages, and especially the bond and mortgage of defendants, in trust for the benefit and security against all loss of persons who might become members of said association in the state of Wisconsin. That, the association

being mutual, all of its members should share their *pro rata* of the losses and profits thereof, and the transfer and deposit of the bonds and mortgages belonging to said association, and especially of the defendants, with the treasurer of Wisconsin for the benefit of the Wisconsin stockholders was a fraud on the rights of the defendants and all other stockholders of the association residing out of the state of Wisconsin, and such deposit was contrary to the rights and equities of other members of the association, and in violation of the purpose of its organization. That, if the members of the association in the state of Wisconsin are permitted to receive the proceeds arising from said securities, they will be paid in full for all sums paid by them to the association, and these defendants and other creditors of the association will be deprived of their *pro rata* share and interest therein, and that the defendants have an interest in all the assets of the association, to the extent of their *pro rata* share thereof of their $6,000 of stock, on which they have paid $1,764. That the efforts of the plaintiff to require the defendants to pay upon securities, not for the benefit of all the creditors of the association, but for the Wisconsin stockholders is a fraud on their right and void as to them; and that the plaintiff obtained no title or interest therein by virtue of said transfer to him; and that the defendants were not parties to the suit of Lewis against the association in the circuit court of Dane county, Wis., and are not bound by any orders or decrees of said court. Then follows a further allegation, alleging usury, but that defense was decided against the defendants in the lower court, and they saved no exceptions to the ruling of the chancellor, and have not sued out a cross-appeal, and have no exceptions upon which to base a cross-appeal, and moreover, took no evidence to sustain said plea.

The chancellor found the defendant should be charged with the amount advanced her, $3,000, with interest at the rate of 6 per cent., and should be credited with all payments of interest, and also for all dues paid on collateral and premium stock, less the amount of dues paid in each month appropriated for expenses, and that the stock be cancelled.

*Hill & Brizzolara,* for appellant.

*Erdall & Swansen,* of Wisconsin, and *Greaves & Martin,* of counsel.

There was no usury in the contract. 62 Ark. 572. The Minnesota law should govern as to interest.

HUGHES, J., (after stating the facts). The questions involved in this case, except the question as to the rate of interest, seem to have been determined in the recent case of *Hale* v. *Phillips,* 68 Ark. 382. As to the defenses of *ultra vires* and usury pleaded in this case, the decree was adverse to the defendant, and there were no exceptions and no cross-appeal in the case. These questions are therefore not presented here.

As to the rate of interest, the court is of the opinion that it is seven per cent., instead of six per cent., as found by the chancellor, because the contract is a Minnesota contract, made and to be performed in Minnesota. The place of payment controls the rate of interest. *Bank of Harrison* v. *Gibson,* 60 Ark. 269. The rate of interest, according to the law of Minnesota, is seven per cent, Besides, in this case it seems equitable that the rate of interest should be uniform between the stockholders; as there were stockholders in thirty-five different states, mortgages in twenty-nine states, and real estate in nineteen states. The rates of interest are not the same in all the states, and that the rate may be equal as to all, it should be uniform, and ought therefore to be the rate of the state where the payments are to be made.

Let the interest be calculated in accordance herewith, and the mortgage foreclosed.

Reversed and remanded.