### FORT SMITH PAPER COMPANY *v.* TEMPLETON.

### Opinion delivered June 29, 1914.

1. CIRCUIT COURTS—APPEAL FROM JUSTICE COURT—JURISDICTION.—If the justice court is without jurisdiction of the subject-matter of an action, the circuit court can not acquire jurisdiction on appeal. (Page 491.)

2. JUSTICES COURT—CONTRACTS—JURISDICTION AS TO AMOUNT.—The jurisdiction of justices of the peace is limited by the Constitution, in matters of contract, to controversies where the amount involved does not exceed the sum of three hundred dollars, exclusive of interest. Const., 1874, art. 7, § 40. (Page 492.)

3. JUSTICES COURT—CONTRACTS—JURISDICTION.—Where there are separate causes of action upon distinct contracts, each for a sum within the jurisdictional amount of a justice of the peace, they may be joined in one action, even though the aggregate amount exceeds the jurisdictional amount. (Page 492.)

4. JUSTICES COURT—RENT INSTALLMENTS—JURISDICTION.—A justice's court is without jurisdiction in a single action upon six install-

ments of rent, each for $100, aggregating a sum of $600, as the suit upon all the installments constitutes but a single cause of action. (Page 492.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Winchester & Martin,* for appellant.

1. The circuit court had no jurisdiction, because the justice of the peace had none. The amendment stated an entirely different cause of action. 35 A. L. R. 581; 24 Ark. 177; 10 *Id.* 326.

2. The burden was on defendant to establish its counter claim. The court erred in modifying instruction 1, as asked. Further, the court's instructions were contradictory.

*A. A. McDonald,* for appellee.

1. When the question of jurisdiction was raised in the circuit court it was proper to permit appellee to amend. 35 Ark. 445; 85 *Id.* 213; 78 *Id.* 595; 83 *Id.* 372.

2. This action was upon a written contract. 24 Ark. 177. The court properly instructed the jury.

McCulloch, C. J. Appellant is lessee of a building owned by appellee in the city of Fort Smith under written contract for a term of five years. The contract specifies a "yearly rental of $1,200 for the term," payable in monthly installments "on the first day of each and every month." Appellant moved out of the building and defaulted in the payment of rent for six months, and this is an action instituted before a justice of the peace by appellee against appellant to recover the six installments of $100 each, aggregating the total sum of $600.

The case was tried in the circuit court on appeal from the justice of the peace, and appellant, in addition to other defenses, raised the question of jurisdiction.

If the justice of the peace was without jurisdiction of the subject-matter of the action, the circuit court, of course, acquired none on appeal.

The jurisdiction of justices of the peace is limited by the Constitution, in matters of contract, to controver-

sies where the amount involved does not exceed the sum of $300, exclusive of interest.    Constitution 1874, § 40, art. 7.

Where there are separate causes of action upon distinct contracts each for a sum within the jurisdictional amount of a justice of the peace, they may be joined in one action, even though the aggregate amount exceeds the jurisdictional amount.    *Berry* v. *Linton,* 1 Ark. 252; *American Soda Fountain Co.* v. *Battle,* 85 Ark. 213; *Modern Laundry* v. *Dilley,* 111 Ark. 350.

It is contended on the part of appellee that each monthly installment of rent due under the contract constitutes a separate cause of action and fixes the jurisdictional amount.

That contention is unsound.    All of the separate installments due under the contract constitute a single cause of action, for the contract is not separable, as where the obligations are represented by different instruments of writing.    It is true that an action may be maintained upon each installment as it becomes due, the same as upon different items of an account in the course of accrual; but when the enforcement of the right of action is postponed until succeeding installments become due a suit upon them all constitutes a single cause of action.

In *Gregory* v. *Williams,* 24 Ark. 177, the court said:

"While it is true that every written acknowledgment of indebtedness, which may be made the foundation of an action at law, is a separate demand, it is not true, as a proposition of law, that the several items of an open account, although of different dates and arising out of different dealings and transactions between parties, are each separate demands, and can be sued upon as such."

The weakness of the contention of appellee is in treating each installment as a separate obligation.    It is, in fact, one obligation, evidenced by a single instrument, but payable in installments, and the jurisdiction of the court is fixed according to the aggregate amount.

We are of the opinion, therefore, that the circuit court did not acquire jurisdiction on appeal from the justice of the peace. The judgment of the circuit court is reversed and the cause dismissed.