STROUD *v.* CONINE.

Opinion delivered October 5, 1914.

1. JUSTICES OF THE PEACE—INSTALLMENT CONTRACTS—JURISDICTION AS TO AMOUNT.—D. assisted S. in the sale of land and S. agreed to pay to D. $1,250 in installments of $125 at certain stated times. After three installments became due, D. sued S. in justice court for $375. *Held*, the justice court was without jurisdiction, and a judgment against S. was void.

2. JUSTICES OF THE PEACE—SETTING ASIDE JUDGMENT—NEW TRIAL.— Where a justice of the peace sets aside a judgment and grants a new trial, the judgment ceases to exist, and an affidavit for appeal, filed thereafter, amounts to nothing.

3. CERTIORARI—PURPOSE OF REMEDY.—A writ of *certiorari* can not be used as a substitute for appeal for the mere correction of errors or irregularities in the proceedings of inferior courts.

4. CERTIORARI—OTHER MODE OF RELIEF.—*Certiorari* is not the appropriate remedy if efficient relief may be obtained by a resort to other available modes of review.

5. CERTIORARI—REMEDY—JURISDICTION OF INFERIOR COURT.—A writ of *certiorari* may be used by the circuit court in the exercise of its ap-

pellate power and superintending control over inferior courts when the tribunal to which it is issued has exceeded its jurisdiction.

6. JUSTICE COURTS—JURISDICTION—TEST.—As a general proposition, the amount claimed or in controversy, is the test by which the jurisdiction of a justice of the peace is to be determined.

7. JUSTICES OF THE PEACE—JUDGMENT—JURISDICTION—CERTIORARI.— Where the amount demanded by plaintiff in an action in justice court exceeds the jurisdiction of the justice, *certiorari* may be invoked to set aside the judgment, the same having been rendered without jurisdiction.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; reversed.

STATEMENT BY THE COURT.

This action was commenced before a justice of the peace by A. J. Decker against H. L. Stroud to recover the sum of $375. A written complaint was filed and the foundation of the action was a written contract between the plaintiff and the defendant, set out in the complaint, which, in effect, recites that Stroud had sold to one Gregory a certain manufacturing plant for the sum of $25,000, payable in annual installments of $5,000 each; that for the assistance given him by Decker in making the deal Stroud was to pay Decker $125 upon the payment of each $5,000; and that when all the payments, amounting to $25,000, had been made he was to pay Decker an additional $125 on each $5,000 paid, making in all $1,250 for the assistance of Decker in effecting the deal.

The complaint alleged that Stroud and Gregory had entered into the written contract mentioned in the agreement above referred to, that the same is being carried out and is still in full force and effect, that three installments of $5,000 each had been paid by Gregory to Stroud, and that Stroud was indebted to him in the sum of $125 on each installment. The plaintiff prayed judgment against the defendant for the aggregate sum of $375.

On the 17th day of November, 1909, judgment by default was rendered in favor of the plaintiff against the defendant before the justice of the peace. On December 20, 1909, the defendant Stroud filed a motion be-

fore the justice of the peace to set aside the judgment against him and to grant him a new trial. On the same day the justice of the peace entered an order setting aside the judgment and granting the defendant a new trial. He then set the case for trial on the 1st day of January, 1910. On December 24, 1909, the defendant Stroud filed affidavit for appeal from the judgment rendered against him on December 17. On January 1, 1910, the plaintiff's attorney appeared, but the defendant made default, and judgment was again rendered in favor of the plaintiff against the defendant for the sum of $375. Stroud filed in the circuit court a petition for a writ of *certiorari.* At the March term, 1910, of the circuit court, Decker appeared by counsel, waived the issue and service of the writ of *certiorari* and consented that the transscript in the appealed case be taken as the record in the case, and also filed a motion to dismiss the appeal. The two cases were continued from term to term until the March term, 1913. At that time they were consolidated by consent and heard by the court. Before trial the plaintiff Decker had died and the case was revived in the name of W. H. Conine as his administrator. The circuit court dismissed the writ of *certiorari* and the appeal of Stroud, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*McGill & Lindsey,* for appellant.

*Appellee, pro se.*

Hart, J., (after stating the facts). It is contended by counsel for the defendant that the amount sued for was in excess of the jurisdiction of the justice of the peace and that his judgment was, therefore, void. In this contention we think counsel are right.

In Ruling Case Law, volume 1, page 352, it is said: "A contract to pay money in installments is divisible in its nature, that is, each default in the payment of an installment may be the subject of an independent action provided it is brought before the next installment becomes due; but each action should include every install-

ment due when it commenced unless a suit is, at the time, pending for the recovery thereof, or other special circumstances exist."

In the case of *Fort Smith Paper Co.* v. *Templeton,* 113 Ark. 490; 168 S. W. 1092, the court held: "A suit for monthly installments of rent due under a lease specifying a yearly rental payable in monthly installments is a 'single cause of action' within Constitution 1874, article 7, section 40, limiting the jurisdiction of justices of the peace in matters of contract to controversies where the amount does not exceed $300, and where the amount of the installments exceeds $300 the justice has no jurisdiction."

In the case of *State* v. *Scroggin,* 10 Ark. 327, the defendant had executed a written instrument agreeing to pay the State for the use of internal improvement the sum of $400 in five equal installments, payable in one, two, three, four and five years after date. The court held that several installments being due, a separate action could not be brought on each installment so due, but that one action for the breaches of the contract must be brought, and that for this reason the aggregate amount of installments due was the measure of damages and determined the jurisdiction of the court.

(1) So, here, there was a contract for an entire service, but the parties stipulated that payment for such service should be made periodically in fixed sums, and the failure to make three of these payments became the foundation of this suit. The plaintiff had a right to sue for the damages caused by the nonpayment of the installments as they came due, but, having waited until three installments became due before bringing his suit, the aggregate amount of the installments then due determined the jurisdiction of the court. The amount sued for by the plaintiff is the sum in controversy in this action and determines the jurisdiction. That amount being in excess of the amount for which suit may be brought before a justice of the peace under our Constitution, it follows that the judgment rendered by the justice of the peace in favor of the plaintiff against the de-

fendant on the 17th day of December, 1909, was without jurisdiction and void.

On the 20th day of December, 1909, the justice of the peace granted the defendant a new trial and entered an order setting aside the judgment renderd on the 17th day of December. On the 24th day of December, 1909, the defendant filed an affidavit for an appeal from the judgment rendered on December 17, 1909, and contends that this brought the case before the circuit court for trial anew. He relies on the case of *Cathey* v. *Bowen,* 70 Ark. 348. We do not think that case is an authority for his contention. There a motion for a new trial was filed by Cathey against whom Bowen had recovered judgment, and it was granted. Subsequently, Cathey asked to withdraw his application for a new trial, and prayed an appeal to the circuit court, which was granted. The court held that this left the judgment against him in full force. The reason given was that, taking the whole record together, it could be construed as nothing more than the filing of a motion for a new trial, which was afterward withdrawn by the party making it, leaving the judgment as entered by the justice of the peace to stand. There it was not shown that the justice of the peace ever set aside his judgment, and that was the controlling reason which moved the court to make its ruling.

(2) In the present case, the justice of the peace actually set aside the judgment and entered an order to that effect. Where a justice of the peace sets aside a judgment and grants a new trial, the judgment ceases to exist. 24 Cyc., 604-5.

The justice of the peace had set aside the judgment against the defendant before the defendant filed his affidavit for appeal. In other words, when the affidavit for appeal was filed there was no judgment against the defendant and his affidavit for appeal amounted to nothing. No appeal was granted him from the judgment subsequently entered by the justice of the peace. Therefore, the circuit court properly dismissed his appeal.

(3-4-5) The defendant, however, was entitled to have the judgment of the justice of the peace reviewed by *certiorari*. It is true, we have frequently held that a writ of *certiorari* can not be used as a substitute for appeal for the mere correction of errors or irregularities in the proceedings of inferior courts, and it is a general rule that *certiorari* is not an appropriate remedy if efficient relief can be or could have been obtained by a resort to other available modes of review. But one of the exceptions to the rule is that a writ of *certiorari* can be used by the circuit court in the exercise of its appellate power and superintendent control over inferior courts where the tribunal to which it is issued has exceeded its jurisdiction. *Merchants & Planters Bank* v. *Fitzgerald*, 61 Ark. 605; *Railway Company* v. *State*, 55 Ark. 200; *Gregg* v. *Hatcher*, 94 Ark. 54.

(6) As a general proposition, the amount claimed or in controversy is the test by which the jurisdiction of the justice of the peace is to be determined. *Thompson* v. *Willard*, 66 Ark. 346; *Little Rock, Miss. River & Tex. Ry.* v. *Manees*, 44 Ark. 100; *Lafferty* v. *Day*, 7 Ark. 258.

(7) A written complaint was filed before the justice of the peace in the instant case and the amount claimed for which judgment should be rendered against the defendant was $375. The amount claimed by the plaintiff is the sum in controversy and determined the jurisdiction of the justice of the peace. The amount demanded exceeded the jurisdiction of the justice of the peace, and, such being true, *certiorari* could be invoked to set aside the judgment rendered without jurisdiction.

The judgment is, therefore, reversed and the cause remanded, with directions to the circuit court to quash the judgment of the justice of the peace in favor of the plaintiff against the defendant.