FAYETTEVILLE *v.* BAKER.

## Opinion delivered April 16, 1928.

1. CERTIORARI—VALIDITY OF ORDER CANCELING LEASE.—Where an order setting aside a lease of certain rooms of the courthouse by the county court to a city shows on its face that the city was not present in court or that it received no notice of the cancellation of the lease, the order was void on its face, under Crawford & Moses' Dig., § 6238.

2. CERTIORARI—WHEN APPROPRIATE REMEDY.—Where there is want of jurisdiction of the lower court, either of the subject-matter or of the parties or an excess of jurisdiction apparent on the face of the record, certiorari is the appropriate remedy.

3. CERTIORARI—VOID JUDGMENT.—Certiorari lies to quash a void judgment, even though the judgment might have been vacated and set aside on appeal.

4. COUNTIES—CONTROL OF COUNTY COURT OVER COURTHOUSE.—Under Const., art. 7, § 28, and Crawford & Moses' Dig., § 2279, relating to the powers of the county court, that court had jurisdiction to lease rooms in the courthouse and a parcel of land on the courthouse grounds to a city for city uses, and such contracts were not *ultra vires.*

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; reversed.

*George A. Hurst,* for appellant.

WOOD, J. The city of Fayetteville instituted this action in the chancery court of Washington County against the county judge, the county clerk, and sheriff, to restrain them from removing from the two southeast rooms of the courthouse of Washington County all employees of the city of Fayetteville and all records, books, papers and other property belonging to the city of Fayetteville, and from a vault in the basement of the county courthouse of Washington County all records, books and papers belonging to the city of Fayetteville.

The plaintiff alleged, in substance, that, on the 18th of June, 1923, it had leased from Washington County two rooms in the courthouse and a vault in the basement of the courthouse of Washington County for the use of the plaintiff as a police court, mayor's office, council chamber, and office of the city water plant, and

other official city business; that the contract of lease which was entered into with the county court of Washington County was spread upon the records of such court. The contract was made an exhibit to the plaintiff's complaint. Plaintiff further alleged that this contract was entered into for a period of five years from and after December 9, 1922; that on the 25th day of October, 1926, plaintiff entered into a contract with the county court of Washington County, which contract was made an exhibit to the complaint, by which the city leased the rooms and vault as above described for a period of five years from and after December 9, 1927. It is alleged that, in the last contract, the city leased certain ground space on the courthouse grounds. The exhibits set out the terms of the contracts showing that the city agreed to pay to the county the sum of $40 a month in advance as rentals for the property leased from the county. The plaintiff alleged that it went into possession and was then in possession of the property mentioned in the leases, and had complied fully with the terms of the contract, and that its time under the leases had not expired; that, notwithstanding this fact, the county court of Washington County entered an order on its record at its April term, 1927, adjudging that the city of Fayetteville, on or about October 1, 1927, vacate the two rooms and the vault and the other property of the county then held and occupied by the city and its officials, and that one of the rooms be occupied by the county superintendent of schools and the other by the county farm and home demonstrator, and the rest of the property be used and occupied for county purposes only, and directing the sheriff to serve a copy of the order upon the city and to carry out and enforce the order on or before the first day of October, 1927. Plaintiff further alleged that on October 10, 1927, the county court of Washington County entered an order on its records directing the clerk to issue a writ commanding the sheriff to remove the city officials and all of their records, books,

papers, furniture, etc., and other property, and also to remove from the lot or parcel of land upon which the courthouse was situated all personal property and buildings belonging to the city of Fayetteville. Plaintiff alleged that no action in ejectment had been instituted against the plaintiff to recover the possession of the rooms and the lot; that the plaintiff had no notice whatever of the order and proceedings of the county court as alleged, and had not been given an opportunity to be heard upon the lease contracts with the county. It further alleged that it was not necessary for the uses of the county that the county court make the orders mentioned, and it set forth the facts showing this to be the case. It was alleged that the officers mentioned were threatening to carry out the void orders of the county court, and, unless restrained, would so do. Plaintiff prayed that they be enjoined from executing such void order, and for all proper and special relief.

On the 21st of October, 1927, the defendants filed a demurrer and motion to dismiss, in which they set up, first, that the complaint did not state a cause of action; and second, that the court had no jurisdiction of the subject-matter set forth in plaintiff's petition. The chancery court sustained the demurrer, holding that it had no jurisdiction. The plaintiff excepted to the ruling of the court, and moved the court to transfer the cause to the law court. The cause was duly transferred to the law court, and plaintiff was by the court allowed to amend the prayer of its complaint so as to pray the circuit court for a writ of certiorari to bring up the records of the county court so that the orders of which complaint is made might be quashed by the circuit court.

The defendants renewed their demurrer and motion to dismiss the complaint in the circuit court. The circuit court, in the hearing upon demurrer, found that the order of the county court providing for the city offices was regular and valid; that the remedy of the plaintiff was by appeal from those orders, and that the circuit

court at that time had no jurisdiction to issue a writ of certiorari. The court thereupon entered its judgment dismissing the complaint. The plaintiff stood upon its complaint, and prayed an appeal to the Supreme Court, which was by the court granted.

1. According to the allegations of the complaint, the orders of the county court were final orders or judgments rendered against the appellant without notice to the appellant. Such being the case, these orders were absolutely void. They show on their face that they were void because the county court, in these orders, in effect, set aside and canceled the lease contracts that had been entered into between the county court and the appellant without giving the appellant any notice whatever that such orders would be made. The orders themselves do not recite that the appellant was present in court or that it had received any notice of the contemplated cancellation of the lease contracts. The order of the county court of April 4, 1927, after reciting that the lease should be canceled, by directing that notice of such order be served on the city, shows that the order was *ex parte,* and that the city of Fayetteville had not been theretofore notified of the proceeding. The demurrer to the complaint admits this fact. Where there is a want of jurisdiction below, either of the subject-matter or parties, or an excess of jurisdiction, apparent on the face of the record, certiorari, says this court, "is the appropriate, if not the only, remedy." *Grinstead* v. *Wilson,* 69 Ark. 587-591, 65 S. W. 110, and cases there cited. Our statute declares that all judgments and orders rendered by any of the courts of this State against any one without notice, and all proceedings thereunder, shall be absolutely null and void. Section 6238, C. & M. Digest. See *Sovereign Camp W. O. W.* v. *Wilson,* 136 Ark. 546-51, 207 S. W. 45, and other cases in note to the above section of C. & M. Digest. "Certiorari lies to quash a void judgment, even though the judgment might have been vacated and set aside on

appeal.'' *Browning* v. *Waldrip*, 169 Ark. 264 (quoting syllabus 5), 273 S. W. 1032, and cases cited.

2. This brings us to the question of whether or not the lease contracts set forth in appellant's complaint were beyond the jurisdiction of the county court to enter into them. Article 7, § 28, of the Constitution confers upon the county court jurisdiction in every case necessary to the local concerns of their respective counties. Section 2279, C. & M. Digest, among other things provides that the county court of each county shall have the following powers and jurisdictions: ''To have the control and management of all the property, real and personal, for the use of the county; * * * to sell and cause to be conveyed any real estate or personal property belonging to the county, and to appropriate the proceeds of such sale for the use of the county; to disburse money for county purposes, and in all other cases that may be necessary to the internal improvement and local concerns of the respective counties.''

Under these broad general powers conferred upon the county court by the Constitution and statute, *supra,* we hold that it is within the jurisdiction of the county court to enter into a contract to lease the rooms in the courthouse and the parcel of land on the courthouse grounds to the appellant, under the facts stated in the complaint. These contracts therefore were not *ultra vires.* See *Little Rock C. of C.* v. *Pulaski County,* 113 Ark. 439, 168 S. W. 848. We are not called upon, under the allegations of the complaint, to determine whether the lease contracts entered into between the county court and the appellant were improvident or whether any grounds existed for avoiding or canceling such contracts.

It follows that the court erred in sustaining the demurrer and denying the appellant's prayer for writ of certiorari. The judgment is therefore reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings according to law.