NORTH LITTLE ROCK TRANSPORTATION COMPANY
*v.* SANGSTER.

4-7925                                                195 S. W. 2d 549

Opinion delivered June 24, 1946.

*Frederick U. Andres,* for appellant.

*Guy B. Reeves,* for appellee.

McHaney, Justice. On October 29, 1945, appellant sued appellees, Sangster and Arkansas Transfer & Moving Company, in the Little Rock Municipal Court to recover $75.20 as damages to one of its taxicabs as a result of a collision between it and a car owned by appellee, Arkansas Transfer & Moving Company, and driven by its employee Sangster, at Ninth and Broadway Streets in the City of Little Rock, on October 18, 1945. Service was had on appellees on the date of the suit, notifying them to answer at 2:00 p. m. on Monday, November 12, 1945. On November 6, 1945, appellees filed a general demurrer to the complaint, and on November 19, 1945, judgment was entered for appellant against appellees for said sum with interest and costs, on proof of the amount of said claim. The judgment recites that "defendants come not but make default." After the time for appeal had expired, on December 20, 1945, appellant caused an execution to issue on said judgment, and on the same date appellees filed a motion to set aside the judgment rendered on November 19, on the ground that it was obtained without their knowledge by fraud, without stating what the fraud consisted of, and that they were entitled to a trial, after time given to file an answer. On December 31, the motion to set the judgment aside was overruled.

Nothing further was done by appellees until February 5, 1946, when they petitioned the Circuit Court for a writ of certiorari to the Municipal Court. The petition alleged, in addition to the above, that "said judgment was taken by default, without knowledge to this plaintiff (petitioners) and before action was taken on the demurrer filed in that cause by this plaintiff," and that the record shows on its face that the judgment was rendered with-

out action on said demurrer. On the same day, the Circuit Court ordered the writ to issue, and in obedience to it the record of the Municipal Court was sent up, and on March 2, 1946, the Court, on the record before it, remanded the cause to the Municipal Court with instructions to dissolve and set aside the judgment and to proceed in the regular manner therein, on the ground that "the Court doth find that it was an error to enter judgment by default before disposing of the demurrer then pending." This appeal followed.

We think the learned trial court fell into error in granting the writ and in ordering the judgment of the Municipal Court set aside. The judgment was not void but valid on its face. Personal service was had on appellees, they entered their appearance in the action by demurrer filed, and apparently paid no further attention to the suit against them. Assuming without so holding that it was error to enter judgment against them with their demurrer undisposed of, as the Court found, still it was a mere error to be corrected by appeal. It did not render the judgment void. As said by the late Judge BUTLER for the Court, in *Twin City Bank of North Little Rock* v. *McWilliams Auto Co.*, 182 Ark. 1086, 34 S. W. 2d 229, ". . . the judgment of the justice court was not void on its face as the Circuit Court will look only to the face of the record on certiorari and quash only where from such inspection it appears that the Court rendering the judgment had no jurisdiction, and that its judgment was void." Citing cases.

Here, the record shows on its face that the Municipal Court had jurisdiction of the subject matter, and of the parties through personal service and entry of appearance. The only contention is that it was erroneous, because the demurrer was not disposed of. This should have been corrected by appeal. It is no answer to say they did not know it had been rendered in time to appeal. They were in court and should have known about it. No fraud or unavoidable casualty is alleged or shown. In the motion to set aside the judgment it is alleged that it "was obtained upon these defendants and this court by fraud," and if

we assume this means fraud practiced upon the court or the defendants, still it does not allege what the fraud was, and was no more than a mere conclusion not based on facts. That the Court will look only to the face of the record on certiorari to determine whether the Court rendering the judgment had jurisdiction has been decided in many cases, *Hill* v. *Taylor*, 199 Ark. 695, 135 S. W. 2d 825, being one of the more recent. *Burgett* v. *Apperson*. 52 Ark. 213. 12 S. W. 559. was there quoted from as follows: "The writ of certiorari may be used not only to correct a want of jurisdiction, but also the erroneous proceedings of an inferior tribunal. But, it will not lie to review mere errors at the instance of one who has lost the right of appeal by his own fault, or, who neglects to apply for the writ as soon as possible after the necessity of resorting to it arises. . . The period within which the writ of certiorari may be granted is not limited by statute. Where, however, it is sought as a substitute for appeal the time within which an appeal might have been prosecuted is adopted by analogy." See, also, *Black* v. *Brinkley*, 54 Ark. 372, 15 S. W. 1030; *Pruitt* v. *International Order, etc.*, 158 Ark. 437, 250 S. W. 331.

We think appellees, petitioners, lost their right of appeal through their own inattention, and are seeking to use the writ as a substitute for appeal; also, that they did not apply for the writ promptly when their motion to set aside was denied. They waited from December 31, 1945, to February 5, 1946, to apply for the writ.

While the statute, § 2856 of Pope's Digest, confers power on the Circuit Court to issue the writ of certiorari to any inferior tribunal "to correct any erroneous or void proceeding," this Court has held that said section does not enlarge the writ into an appeal or writ of error for the correction of mere errors in judicial proceedings. *St. L. I. M. & S. Railway Co.* v. *Barnes*, 35 Ark. 95.

The judgment is, therefore, reversed and the cause remanded with directions to quash the writ and dismiss the petition.

ROBINS, J., dissents.