AARON J. FORTNER v. AIR CONDITIONING TRAINING CO. INC., ET AL

5-4758                                435 S.W. 2d 784

Opinion Delivered December 23, 1968
[Rehearing denied January 27, 1969.]

*Charles L. Carpenter* and *William G. Fleming* for appellant.

*Wayne Foster* for appellees.

PAUL WARD, Justice.    This is an appeal from a chancery decree refusing to enjoin the enforcement of an execution issued by a municipal court.

On October 27, 1961, Air Conditioning Training Co. Inc. (appellee) filed a suit in the Little Rock Municipal Court seeking a judgment for $300 against Aaron J. Fortner (appellant).    On November 7, 1961, appellant filed a demurrer.    The municipal judge overruled the demurrer, and entered a default judgment against appellant in the amount prayed for plus court costs.    On or about March 1, 1966, the Clerk of the Municipal Court issued a Writ of Execution on the judgment and placed it in the hands of the sheriff for service on appellant.

On March 25, 1966, appellant filed a Complaint in the Pulaski County Chancery Court, First Div. asking that court to enjoin the sheriff and appellee from further attempting to enforce the Municipal Court judgment "until such time as the issues are joined by proper pleadings and a trial is held".

After a hearing, on stipulated facts, the chancellor dismissed appellant's cause of action, holding that appellant "should pursue his appellate remedies before taking further action . . ."    This appeal follows.

Under the record and stipulated facts in this case we hold that the trial court was correct in dismissing appellant's complaint.

As stipulated by the parties, there appears (Tr. p. 23 Ex. 4) a "Petition" by appellant asking the Municipal court to set aside the judgment for $300 entered on March 5, 1962, which stated that appellant had no notice of the hearing and did not know a judgment had been rendered until March of 1965. Said Petition asked that the judgment be set aside and be declared void. In regard to said Ex. 4 the parties stipulated: The jacket in the case has on it "Petition, 7/7/65 by atty-defendant" and on the back side there is this notation "Petition to set aside judgment denied, Q. G., 12-1-65".

Appellant followed the proper procedure to set aside the original judgment rendered on March 5, 1962, as is provided in Ark. Stat. Ann. § 29-506 et seq. (Repl. 1962), but the mistake appellant made was in failing to appeal from the order of December 1, 1965, denying his petition.

In the case of *North Little Rock Transportation Co. v. Sangster*, 210 Ark. 294, 195 S.W. 2d 549, the facts were very similar to those in this case. There, among other things this Court said:

> "We think appellees, petitioners, lost their right of appeal through their own inattention, and are seeking to use the writ as a substitute for appeal . . ."

It is our opinion, therefore, that appellant cannot substitute this action in chancery court for the right which he had to appeal from the Municipal Court order.

Affirmed.