FRANK RICCI AND GLADYS RICCI v. JOHN POOLE AND BETTY POOLE

5-6025                                485 S.W. 2d 728

Opinion delivered October 23, 1972

*Thomas D. Ledbetter,* for appellants.

*W. Q. Hall,* for appellees.

J. FRED JONES, Justice. This is an appeal by Frank Ricci and Gladys Ricci, his wife, from an order of the Madison County Circuit Court granting the motion of the appellees, John Poole and Betty Poole, to dismiss an appeal from the Madison County Court and dismissing the appellants' motion for certiorari.

The facts of record appear as follows: Mr. and Mrs. Poole attempted to lay out and establish a private road across the Riccis' land in Madison County and in doing so followed the statutory procedure set out in Ark. Stat. Ann. §§ 76-110-111 (Repl. 1957). A hearing was had, viewers were appointed and their report was made to the county judge as provided for in § 76-110. On April 16, 1971, the Madison County Court entered its order laying out the road across the lands of Mr. and Mrs. Ricci and awarding damages therefor as prescribed in § 76-111, the last sentence of which reads as follows:

> "Either party may appeal to the Circuit Court from said order within sixty (60) days from the rendition of such order, and not thereafter."

As above stated, the county court order was dated April 16, 1971, and according to the record no further action was taken in the matter until on September 2, 1971. Mr. and Mrs. Ricci filed a motion in the Madison County Court alleging that the proceedings had in said court for the establishment of a private road were not conducted in the manner required by law, in that

Mr. and Mrs. Ricci had not been given notice of hearing on the original petition filed by Mr. and Mrs. Poole for the laying out of a road across the Ricci lands. Mr. and Mrs. Ricci prayed in their motion that the order laying out the road be vacated and a new hearing conducted, or in the alternative that they be granted an appeal to the circuit court.

Apparently the motion was denied by the county court, for on October 5, 1971, Mr. and Mrs. Ricci filed their motion as respondents in the circuit court praying a de novo hearing on the original petition filed by Mr. and Mrs. Poole in the county court. The appeal to circuit court was dismissed as untimely filed but the circuit court considered the Riccis motion as a petition for certiorari to the county court, but also denied certiorari.

On appeal to this court Mr. and Mrs. Ricci rely on the following points for reversal:

"The Circuit Court erred by failing to grant Appellants' Motion for an Appeal of the County Court Orders.

The Circuit Court erred by failing to grant Appellants' Petition for a Writ of Certiorari to obtain review of the County Court Orders."

We find no merit in either of these points. The record reveals that the petition for private road was filed on May 8, 1970, and hearing on the petition was set for May 27, 1970. According to sheriff's return in the record Mr. and Mrs. Ricci were personally served with a written notice of this hearing on May 7, 1970. On May 8, 1970, Mr. and Mrs. Ricci filed a motion to strike the notice served on them. Following the hearing on May 27, 1970, the county court filed its order on June 16, 1970, setting out that Mr. and Mrs. Ricci owned the lands involved and that their lands lay between the petitioners' lands and the public road, and that the pe-

titioners had no outlet from their lands to the public road. This order found that it was necessary for the petitioners to cross the lands of the Riccis and that the Riccis had refused to allow the petitioners to construct the road over their lands. The county court then appointed viewers and directed them to lay out the most feasible route over the Riccis' lands. The record is clear that Mr. and Mrs. Ricci had notice of the hearing conducted by the county court from which that court determined the necessity of laying out a private road over the Riccis' property.

The appellants argue that they received no notice that the county court had entered its order of April 16, 1971, laying out the road across their land until July 27, 1971; that following actual notice, they proceeded in a timely manner to obtain a rehearing and appeal. Ark. Stat. Ann. § 76-111 provides for the county court order establishing a private road, but it does not provide for notice to anyone that the order will be, or has been, entered. This section does not provide for an appeal within 60 days from the *date of notice*, but does provide for an appeal to the circuit court within 60 days *from the rendition of the order and not thereafter*. The motion filed in county court by Mr. and Mrs. Ricci to set aside the original order laying out the road, was filed almost five months after the original order was rendered and in this motion Mr. and Mrs. Ricci state:

"That the instant proceedings, to establish a private road across Respondents' real property aforesaid, were not conducted by this Court in the manner required by law, specifically related to the fact Respondents nor their Attorney of record were ever notified by Petitioners or by this Court that any hearing would be conducted on said Petition."

As already stated, the record recites not only that a copy of the notice of the May 27, 1970, hearing was served by the sheriff of Madison County on Mr. and Mrs. Ricci personally on May 7, 1970, but the record

shows that the very next day Mr. and Mrs. Ricci responded to the notice by filing a motion to strike.

The appellants very candidly acknowledge this court has held that the filing of a motion for rehearing does not toll the running of the time for appeal unless an extraordinary circumstance or event would warrant variance of this general rule, *Covington v. Shackleford*, 222 Ark. 374, 259 S. W. 2d 676, but the appellants contend that an extraordinary circumstance has occurred in this case in the form of a "procedural casualty." It would appear that any procedure under which appeal time runs would constitute a "procedural casualty" to the right of appeal. The appellants cite cases in support of their argument that the time period during which an appeal may be lodged is suspended while a motion for rehearing is pending in the trial court. The fallacy in this contention in the case at bar, lies in the fact that the appeal time had long since run before the appellants ever filed their motion for rehearing in the county court. The appellants have cited no case and we have found none holding that the mere filing of a motion for a new trial revives or reinstates the period of time in which appeal may be perfected. Even if the trial court was correct in calculating the appeal time from the date appellants' attorney received notice of the order, rather then from the day of its rendition as provided by statute, "not later than July 28, 1971," still the appellants had notice for more than 60 days when they filed their notice of appeal on October 4 or 5, 1971.

As to appellants' second point, we agree with the appellants that a trial court has considerable discretion in granting certiorari to county courts, but we agree with the appellees that certiorari is not a substitute for an appeal. *North Little Rock Transportation Co. v. Sangster*, 210 Ark. 294, 195 S. W. 2d 549. It is true that we have held the general rule to be that "certiorari is not a writ of right but a writ of discretion," but unless the trial court abuses its discretion in denying or granting a writ of certiorari this court will not reverse the

decision of a trial court in granting or denying the application for a writ of certiorari. *Hill* v. *Taylor,* 199 Ark. 695, 135 S.W. 2d 825. We find no abuse of discretion in this case. As a matter of fact the circuit court judge in his letter of January 7, 1972, addressed to the attorney in this case very clearly states the law on this point, as follows:

"A. S. 22-302 empowers the Circuit Court to issue writs of certiorari under the circumstances stated therein. One of the grounds stated is 'to correct any erroneous or void proceeding' of 'any inferior tribunal.' This has been held repeatedly to not enlarge the remedy of appeal. As stated in *North Little Rock Transportation Co.* v. *Sangster,* 210 Ark. 294, (1946), quoting *Burgett* v. *Apperson,* 52 Ark. 213:

The writ of certiorari may be used not only to correct a want of jurisdiction but also the erroneous proceedings of an inferior tribunal. But, it will not lie to review mere errors at the instance of one who has lost the right of appeal by his own fault, or, who neglects to apply for the writ as soon as possible after the necessity of resorting to it arises. The period within which the writ of certiorari may be granted is not limited by statute. Where, however, it is sought as a substitute for appeal the time within which an appeal might have been prosecuted is adopted by analogy.

Appellants not having shown any grounds for a writ of certiorari other than alleged errors which could have been corrected on appeal. . ."

The judgment of the trial court is affirmed.