William E. GRAN *v.* David L. HALE, Judge, Municipal Court of Pulaski County, Arkansas

87-17                                        745 S.W.2d 129

Supreme Court of Arkansas
Opinion delivered February 22, 1988

*William E. Gran*, pro se.

*Ivester, Henry, Skinner & Camp*, by: *Robert Keller Jackson*, for appellee.

DAVID NEWBERN, Justice. William E. Gran appeals pro se from the circuit court denial of his "Petition for Redress of Grievances." He seeks a writ of prohibition to prevent the enforcement of certain conviction judgments rendered by the Pulaski County Municipal Court, or a writ of mandamus to direct a new trial, or a writ of certiorari to certify the record for appeal.

On March 20, 1984, Mr. Gran was convicted of driving without an operator's license in violation of Ark. Code Ann. § 27-16-602 (1987) and fined $200. On January 15, 1986, he was convicted a second time of the same offense and fined $344.75 and was also convicted of operating a vehicle without a current vehicle license in violation of Ark. Code Ann. § 27-14-1004 (1987) and fined $64.75. Mr. Gran has not appealed any of these convictions. Rather, within the time for filing a notice of appeal from each conviction, respectively, he filed in the municipal court "notice of demand to reverse determination of guilty without a trial" and "motion for relief by rehearing of all motions."

On April 2, 1986, a special municipal judge denied the requests for relief and ordered Mr. Gran to pay all three fines by April 29, 1986. On April 30, 1986, Mr. Gran petitioned the circuit court basically seeking the relief for which he is asking this court. The circuit judge denied relief because no timely appeal had been filed. We affirm the circuit court's decision.

## 1. Extraordinary writs, generally

Mr. Gran seeks prohibition, mandamus, and certiorari. He claims judgments were rendered against him in violation of his right to due process, his right to confrontation, and his right to have a qualified judge on the bench. He claims no trial was held, that the special judge had not taken the oath of office, and that he was denied use of the Arkansas Rules of Criminal Procedure. He also contends that a pro se litigant should not be held to the same standards as an attorney.

Mr. Gran had a right to a de novo review of the convictions in the circuit court. At the time his appeal right accrued, it was codified at Ark. Stat. Ann. §§ 22-707 (Repl. 1962) and 22-763.7 (Supp. 1985), and it is presently codified at Ark. Code Ann. § 16-17-703 (Supp. 1987). Had he appealed the convictions, the complaints he now raises could have been reviewed. Neither mandamus, certiorari, nor prohibition may be used as a substitute for appeal. *Burney* v. *Hargraves*, 264 Ark. 680, 573 S.W.2d 912 (1978). We do not assist litigants, pro se or otherwise, by combing the record and rewriting their pleadings to make them into ones which can be recognized or granted. *Weston* v. *State*, 265 Ark. 58, 576 S.W.2d 705 (1979). The circuit court was correct in refusing the writs.

## 2. Certiorari, in particular

Mr. Gran claims that certiorari should have been granted in the circuit court, and that it should be granted by us, because the fines he was assessed were excessive. He claims that the court assessed his fines for driving without an operator's license pursuant to Ark. Code Ann. § 27-16-301 (1987) which authorized fines of up to $500. He contends § 27-16-301 was superseded by Ark. Code Ann. § 27-50-305 (1987) which provides for a fine of not more than $100 for the first conviction, and not more than $200 for the second conviction which occurs within one year of the first conviction. His contention is that the fines were excessive and that we can reach this point because certiorari may be granted when it appears on the face of the record that the court has acted in excess of its jurisdiction.

In *State* v. *Nelson, Berry Petroleum Co.*, 246 Ark. 210,

438 S.W.2d 33 (1969), Justice Fogleman stated the offices of certiorari as follows:

> Certiorari lies to correct proceedings erroneous upon the face of the record when there is no other adequate remedy. It is available in the exercise of superintending control over a tribunal which is proceeding illegally where no other mode of review has been provided. Certiorari lies where there is a want of jurisdiction or an act in excess of jurisdiction which is apparent on the face of the record. It is not available to look beyond the face of the record to ascertain the actual merits of a controversy, to control discretion, to review a finding upon facts or review the exercise of a court's discretionary authority. [246 Ark. at 216-217, 438 S.W.2d at 38, citations omitted]

The writ is not one of right, but is to be granted or denied within the discretion of the court from which it is sought. *Ricci* v. *Poole*, 253 Ark. 324, 485 S.W.2d 728 (1972); *Flournoy* v. *Payne*, 28 Ark. 87 (1872). *See also Axley* v. *Hammock*, 185 Ark. 939, 50 S.W.2d 608 (1932). Certiorari may be granted where the court lacks the power to act as it has purported to do. For example, if a chancellor appoints a master in such a manner that the master is to supplant the court, certiorari may issue to prevent the creation of a bogus tribunal. *State* v. *Nelson, Berry Petroleum Co., supra.* Another example is the issuance by a circuit court of an order attempting to control the proceedings before a state commission over which it has only the power of review. *Bridges* v. *Arkansas Motor Coaches, Ltd., Inc.*, 256 Ark. 1054, 511 S.W.2d 651 (1974). The writ may also be used where a court has entered an order which is "void" due, for example, to lack of notice. *City of Fayetteville* v. *Baker*, 176 Ark. 1030, 5 S.W.2d 302 (1928).

The question here is whether the municipal court acted in excess of its jurisdiction in entering fines based upon an arguably superseded statute. If so, it was within the discretion of the circuit court to enter a writ of certiorari. Unlike the cases in which we have approved the writ to prevent creation of a bogus tribunal or an act lacking in jurisdiction of the person or subject matter before the court, this case is not one where the record demonstrates an act in excess of the court's jurisdiction. No argument is made that the court lacked jurisdiction of the defendant or the

prosecution for the crime alleged.

In *Stroud* v. *Conine*, 114 Ark. 304, 169 S.W. 959 (1914), a justice of the peace entered a judgment in a contract action for $375 despite the constitutional restriction allowing the municipal court to take jurisdiction of such claims up to $300. We approved certiorari because the judgment was due to lack of jurisdiction in the justice of the peace. In contrast, here, the allegation is not that there is a statute or constitutional provision limiting the jurisdiction of the municipal court to any particular amount for the fines in question. Rather, there may be a statute which sets a maximum fine which has been exceeded. The question is one of error rather than jurisdiction.

Certiorari will not be used for the correction of mere error where the right of appeal has been lost due to the fault of the petitioner. *Ricci* v. *Poole, supra; North Little Rock Transportation Co.* v. *Sangster*, 210 Ark. 294, 195 S.W.2d 549 (1946); *Flournoy* v. *Payne, supra*. Mr. Gran has given us no reason to hold his failure to file a timely appeal of his municipal court convictions with the circuit court was the fault of anyone other than himself.

Affirmed.

HICKMAN and PURTLE, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. The Arkansas Constitution makes no provision for a "county municipal court." Since the Pulaski County Municipal Court is not a legal court its acts are void. *See Howell* v. *Howell*, 213 Ark. 298, 208 S.W.2d 22 (1948); *Pulaski County Municipal Court* v. *Scott*, 272 Ark. 115, 612 S.W.2d 297 (1981) (Hickman, J., dissenting).

JOHN I. PURTLE, Justice, dissenting. I would grant prohibition because the appellant was found guilty without a trial on the first count and was tried in the other two cases before a "special judge" who was acting without authority because he had failed to take the oath of office. Since all three judgments are void the appellant was not required to appeal and can collaterally attack such judgments at any time.

The Fifth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, or

property without due process of law. The Sixth Amendment requires an impartial, speedy, and public trial and insures that the accused shall be confronted with the witness against him. The Fourteenth Amendment to the United States Constitution makes the Fifth and Sixth Amendments applicable to the states. Both U.S. Const. art. 6, § 3 and Ark. Const. art. 19, § 20 demand that all judicial officers take an oath before beginning their duties. It is undisputed in the present case that the first judge did not give the appellant the benefit of a trial and that the "special judge" did not take the oath of office. The judgments consequently are void.

Since the judgments are void we are bound by the decision of this court in *Swagger v. State*, 227 Ark. 45, 296 S.W.2d 204 (1956), where we stated: "But where, as here, the judgment is void because of the want of due process of law, it has no force and effect, and can be vacated at any time."

Having found no constitutional, statutory, or other valid authority permitting a court to convict a person without a trial, or permitting someone other than a judge to decide the case, I believe the appellant is merely claiming his right to due process. No person should be required to prevent enforcement of a void judgment against him.

In the present case the appellant has been forced to defend himself against these void judgments. He should be granted permanent relief in the form of a writ of prohibition to prevent the lower court from enforcing the void judgments or, in the alternative, a writ of mandamus to vacate the void judgments.